UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Albert C. Burgess, Jr.,                                    Case No. 22-cv-2363 (PAM/LIB)

           Petitioner,

    v.                                                    **REPORT AND RECOMMENDATION**

Warden of Rochester FMC,

           Respondent.

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral for report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, and upon Albert C. Burgess, Jr.'s ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1].

For the reasons set forth herein, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED**, and this action be **DISMISSED** without prejudice.

## I.    Background

Petitioner was convicted in the United States District Court for the Western District of North Carolina for one count of possession of materials involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of knowingly receiving by computer visual depictions the production of which involved the use of a minor engaging in sexual explicit conduct, in violation of 18 U.S.C. § 2252(a)(2).  (Petition, [Docket No. 1]; Todd Valento Declaration ("Valento Decl."), [Docket No. 9], at ¶ 6).  On July 10, 2020, Petitioner was sentenced to 292 months of imprisonment.  (Id.; see also Exhibit B annexed to the Valento Decl., [Docket No. 9-2], at p. 2).  He is currently incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester").  (Petition, [Docket No. 1]; Valento Decl., [Docket No. 9], at ¶ 6).

Petitioner has a projected release date of June 20, 2029, assuming good conduct release.  (Valento Decl., [Docket No. 9], at ¶ 6).

On September 26, 2022, Petitioner initiated the present action by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Docket No. 1], in this Court.

## II.    Standard of Review

A federal prisoner may petition a federal district court for relief pursuant to 28 U.S.C. § 2241 when challenging the execution of his sentence or the length or duration of his confinement. Jones v. Jett, No. 10-cv-4201 (MJD/AJB), 2011 WL 5507222, at *2 (D. Minn. Aug. 12, 2011), report and recommendation adopted by 2011 WL 5408009 (D. Minn. Nov. 8, 2011), aff'd, 470 F. App'x 522 (8th Cir. 2012) (citing Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002); Mcintosh v. U.S. Parole Com'n, 115 F.3d 809, 812 (10th Cir. 1997) (holding that a federal inmate's challenge to a loss of good time credit is properly brought under Section 2241 because it is a challenge to an action affecting the fact or duration of the petitioner's custody)).  "A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court."  Matheny, 307 F.3d at 711.

## III.    Analysis

Petitioner appears to assert in his Petition that he is being improperly denied early release into the Elderly Offender Home Detention Program.  (Petition, [Docket No 1]; Pet.'s Reply, [Docket No. 13]).  Petitioner also asserts that he is being improperly denied the ability to earn time credits ("FTCs") towards early release under the First Step Act of 2018 ("FSA").  (Petition, [Docket No. 1]).  Therefore, Petitioner requests that the Court order BOP to immediately release him to home confinement placement and for an order directing the BOP to grant him the ability

earn FTCs.   Respondent argues, however, that Petitioner's requests should be denied because the BOP has properly determined that, based on his conviction of sexual exploitation of minors, Petitioner is ineligible for the Elderly Offender Home Confinement Pilot Program nor is he eligible to earn FTCs.  (Response, [Docket No. 8]).   For the reasons explained, below, the Court agrees with Respondent.

### A.  Home Confinement

For brief background, Congress enacted the First Step Act ("FSA") on December 21, 2018. See Pub. L. No. 115-391, 132 Stat. 5194.  The FSA re-established and expanded a pilot program under the Second Chance Act to place elderly and terminally ill inmates in home confinement.  34 U.S.C. § 60541(g).  Pursuant to the Elderly Offender Home Detention Program ("EOHDP"), the Attorney General "shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Federal Bureau of Prisons [("BOP")] facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced."   34 U.S.C. § 60541(g)(1)(A).   In addition, "the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from [BOP] facilities to home detention, upon written request from either the [BOP] or an eligible elderly offender or eligible terminally ill offender."   Id. § 60541(g)(1)(B).  However, in order to qualify for the pilot EOHDP, the elderly offender must (1) be "not less than 60 years of age"; (2) not have a conviction for a crime of violence or sex offense; (3) have "served 2/3 of the term of imprisonment to which the offender was sentenced"; (4) "not escaped, or attempted to escape, from a Bureau of Prisons institution"; (5) save the BOP money through his home detention; and (6) receive a determination by the BOP that he will "be at no substantial risk of engaging in

3

criminal conduct or of endangering any person or the public if released to home detention." Id. § 60541(g)(5)(A).

Petitioner asserts that he is eligible for home confinement under the EOHDP because he is currently 73 years old. Beyond this, however, Petitioner has not shown that he meets the criteria for early release to home confinement pursuant to the EOHDP. Petitioner was convicted of Possession of Materials Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B), which constitutes a sex offense. Therefore, this conviction disqualifies Petitioner for relief under the EOHDP.

In any event, as this Court and other Courts in this District have continually noted, the BOP has exclusive authority to determine the placement of prisoners. See, e.g., 18 U.S.C. § 3624(c)(2); United States v. James, No. 15-cr-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020). Nothing in the First Step Act, or the Second Chance Act altered the exclusivity of this authority to the BOP. See, e.g., 18 U.S.C. § 3624(c)(2); James, 2020 WL 1922568, at *2; United States v. Kluge, No. 17-cr-61 (DWF), 2020 WL 209287, at *4 (D. Minn. Jan. 14, 2020). The Second Chance Act of 2007 and the First Step Act merely give eligible inmates the possibility of being considered for home confinement. See Kluge, 2020 WL 209287, at *4 (emphasis added). Although the various actions of Congress have expanded the potential opportunities for home confinement, Court have observed that "it is [the] BOP—not the courts—who decides whether home detention is appropriate. . . Rather than mandate any particular home confinement decision, Congress instead directed [the] BOP to place prisoners on home confinement 'to the extent practicable.'" James, 2020 WL 1922568, at *2 (quoting Unites States v. Yates, No. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019)).

4

"Moreover, Courts have consistently held that placement questions are not reviewable."

United States v. Vang, No. 16-cr-277 (DWF/KMM), 2020 WL 4704875, at *2 (D. Minn. Aug. 13,

2020) (collecting cases). "It is also well established that prisoners do not have a constitutional

right to placement in a particular facility or place of confinement." James, 2020 WL 1922568, at

*2 (collecting cases). "Home confinement is a place of confinement." Id. (citing 18 U.S.C. §

3624(c)). "[B]ecause release to home confinement is a placement decision, the Court finds that it

is solely within the BOP's discretion to dictate." Vang, 2020 WL 4704875, at *3 (citing 18 U.S.C.

3624(c)).

Therefore, to the extent Petitioner seeks a review of the BOP's decision related to

Petitioner's home confinement placement, that decision is not reviewable by this Court.

### B. First Step Act Time Credits

In pertinent part, the FSA required the Attorney General to also establish a "risk and needs

assessment system" that, among other things, would offer "evidence-based recidivism reduction

programs or productive activities" to prisoners. 18 U.S.C. § 3632(a). Eligible prisoners who

successfully participated in this programming could then earn certain rewards, including time

credits to "be applied toward time in prerelease custody or supervised release." 18 U.S.C. §

3632(d)(4)(A), (C).[1] However, "[a] prisoner is ineligible to receive time credits . . . if the prisoner

is serving a sentence for a conviction under any of the following provisions of law. . .". (Id.). One

of the listed provisions is Section 2252, relating to certain activities connected to material

---

[1] On June 25, 2021, the BOP issued Program Statement 5400.01, the "First Step Act Needs Assessment," which provided information on how to add needs information to the risk and needs assessment process and refer inmates to appropriate programs. (Winger Decl., [Docket No. 12], at ¶ 6). The thirteen needs areas identified were: anger/hostility, antisocial peers, cognitions, dyslexia, education, family/parenting, finance/poverty, medical, mental health, recreation/leisure/fitness, substance abuse, trauma, and work. (Id.). These needs are dynamic factors that could change over time. (Id.). Under Program Statement 5400.01, BOP staff assess an inmate's needs based on a review of their pre-sentence investigation report, education records, and medical records, as well as, the inmate's completion of standardized instruments, i.e., Brief Anger Aggression Questionnaire (anger/hostility). (Id.).

involving the sexual exploitation of minors.  18 U.S.C. § 3232(d)(4)(D)(xli).  Therefore, based on

the plain language of the statute, a prisoner is not eligible for FTCs under this program if he is

serving a sentence based on 18 U.S.C. § 2252.

Here, as noted above, Petitioner was convicted of Possession of Materials Involving the

Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(4)(B), and he is currently

serving 292 months imprisonment.  (Valento Decl., [Docket No. 9], at ¶ 6).  Therefore, Petitioner

is ineligible for FTCs for participating in evidence-based recidivism reduction programming.  18

U.S.C. § 3632(d)(4)(D) ("A prisoner is ineligible to receive time credits under this paragraph if

the prisoner is serving a sentence for . . .  [convictions] relating to the sexual exploitation of

children.").  Indeed, the BOP reviewed his convictions and found that Petitioner was not eligible

for FTCs on September 29, 2022.  (See Valento, [Docket No. 9], at ¶ 10; Exhibit B, [Docket No.

9-2], at p. 2).

Therefore, to the extent Petitioner seeks an order directing the BOP to grant him the ability

earn FTCs, this claim is without merit.

## IV.    Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED THAT**:

1.   The Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED;** and

2.   This action be **DISMISSED without prejudice.**

Dated: June 12, 2023                                s/Leo I. Brisbois
                                                    Hon. Leo I. Brisbois
                                                    United States Magistrate Judge

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).